UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POWWOW, LLC, D/B/A PASS
CHARTERS, a Michigan Limited
Liability Company,

        Plaintiff,                            Case No. 17-cv-11142

vs.                                            Hon. Arthur J. Tarnow

VIA AIRLINES, INC., f/k/a CHARTER
AIR TRANSPORT, INC., a Delaware
Corporation,

        Defendant.

---

**CLARK HILL PLC**
Attorneys for Plaintiff

Jonathan M. Martone (P73035)
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI  48009
(248) 642-9692
jmartone@clarkhill.com

Thomas M. Dixon (P41870)
500 Woodward Ave., Ste. 3500
Detroit, MI  48226
(313) 965-8300
tdixon@clarkhill.com

**DOERR LAW FIRM PLLC**
Joseph A. Doerr (P66109)
Attorney for Defendant
838 W. Long Lake Rd., Ste. 100
Bloomfield Hills, MI 48302
(248) 212-0167
joseph@doerrfirm.com

**PEARSON BITMAN LLP**
Ronnie J. Bitman (FL Bar No.: 0744891)
Attorney for Defendant
485 N. Keller Rd., Ste. 401
Maitland, FL  32751
(407) 647-0090
rbitman@pearsonbitman.com

---

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

TABLE OF CONTROLLING AUTHORITY ......................................................... iii

ISSUES PRESENTED ................................................................................................v

I.   INTRODUCTION ...............................................................................................1

II.  STATEMENT OF RELEVANT FACTS ..........................................................2

III. ARGUMENT IN OPPOSITION .......................................................................5

  A. Legal Standard of Review. ...............................................................................5

  B. Defendant's Motion as to Count I (Breach of Contract) Fails as a Result of Plaintiff's Amended Complaint. .........................................................6

  C. Defendant's Motion to Dismiss as to Counts III (Unjust Enrichment) and IV (Promissory Estoppel) Must Fail as Plaintiff is Entitled to Plead "In the Alternative." ...............................................................................9

# TABLE OF CONTROLLING AUTHORITY

**Cases**

*Advanced Plastics Corp v White Consol Indus., Inc.*,
    828 F. Supp. 484 (E.D. M.I. 1993) ................................................................... 11

*Ashcroft v. Iqbal*,
    556 U.S. 662; 129 S. Ct. 1937 (2009) ................................................................ 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544; 127 S. Ct. 1955 (2007) ............................................................ 5, 7

*Cain v. Redbox Automated Retail, LLC*,
    981 F. Supp. 2d. 674 (E.D. M.I. 2013) ........................................................ 9, 10

*Detroit Tigers, Inc. v. Ignite Sports Media, LLC*,
    203 F. Supp. 2d 789 (E.D. M.I. 2002) ............................................................. 12

*Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Group, LLC.*,
    635 F. 3d 1106 (8th Cir. 2011) .......................................................................... 8

*DirectTV Inc v. Treesch*,
    487 F.3d 471 (6th Cir. 2007) ............................................................................. 5

*Glass v. Kellogg Co.*,
    252 F.R.D. 367 (W.D. M.I. 2008) ..................................................................... 6

*Keiper, LLC v. Intier Auto, Inc.*,
    467 Fed. Appx. 452 (6th Cir. 2012) .................................................................. 7

*Kostrezwa v. City of Troy*,
    247 F. 3d 633 (6th Cir. 2001) ............................................................................ 5

*Moratorium Now! v. Detroit 300 Conservancy*,
    2015 U.S. Dist. Lexis 17899732, *4 (M.I. E.D. July 22, 2015) .............. 6, 8, 9

*U.S. Specialty Insurance Co v. Caasti Professional Contracting Service, Inc.*,
    2017 U.S. Dist. Lexis 65494, *6 (E.D. M.I. May 1, 2017) ..................... 10, 11

*Wake Plumbing & Piping, Inc. v. McShane Mech. Contracting, Inc.*,
    2012 U.S. Dist. Lexis 178569, *3 (E.D. M.I Dec. 18, 2012) ......................... 11

*Walters v. Nadell*,
    481 Mich. 377; 751 N.W. 2d. 431 (2008) ........................................................8

*Wilson v. Taylor*,
    457 Mich. 232; 577 N.W. 2d. 100 (1998) ........................................................8

## **Statutes**

Fed. R. Civ. P. 12(b)(6).................................................................................... passim

Fed. R. Civ. P. 15(a)(1)(B) ..................................................................................1, 3

Fed. R. Civ. P. 8(a)(3)................................................................................................9

## ISSUES PRESENTED

1. Whether, treating all well-pleaded allegations in the Complaint as true, Plaintiff has sufficiently pled the elements of a breach of contract claim in Count I of its Complaint such that dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted would be inappropriate, particularly where Plaintiff has subsequently filed an Amended Complaint consolidating Counts I and II in light of Defendant's disclosure regarding its recently-modified corporate status?

Plaintiff answers "yes"

Defendant answer "no"

This Court should answer "yes"

2. Whether Count III (Unjust Enrichment) of Plaintiff's Complaint fails to state a claim upon which relief can be granted where (a) Plaintiff has filed an Amended Complaint rendering Defendant's Motion to Dismiss moot, (b) where Plaintiff has expressly pled Count III in the alternative to Counts I and II in the event Defendants dispute the existence of a valid contract covering the same subject matter or the contract in issue is otherwise found to be unenforceable, (c) where Defendant has not answered/admitted to the validity of a contractual agreement covering the same subject matter, and (d) where well-established Federal Rules and case precedence permits a party to plead "in the alternative?"

Plaintiff answers "no"

Defendant answer "yes"

This Court should answer "no"

3. Whether Count IV (Promissory Estoppel) of Plaintiff's Complaint fails to state a claim upon which relief can be granted where (a) Plaintiff has filed an Amended Complaint rendering Defendant's Motion to Dismiss moot, (b) where Plaintiff has expressly pled Count IV in the alternative to Counts I and II in the event Defendants dispute the existence of a valid contract covering the same subject matter or the contract in issue is otherwise found to be unenforceable, (c) where Defendant has not answered/admitted to the validity of a contractual agreement covering the same subject matter, and (d) where well-established Federal Rules and case precedence permits a party to plead "in the alternative?"

Plaintiff answers "no"

Defendant answer "yes"

This Court should answer "no"

## I. INTRODUCTION

This case involves a commercial dispute between two businesses; Plaintiff has sustained significant economic damages as a result of Defendant's actions. Through their underlying Motion to Dismiss, Defendant attempts, prematurely, to deny Plaintiff its due opportunity to seek judicial redress of its damages. This Court should not be so moved.

First, by virtue of Plaintiff amending its Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B), Defendant's Motion is moot. Second, and notwithstanding the mootness of Defendant's Motion, each of the three counts at issue brought by Plaintiff has been sufficiently pled to warrant survival on a motion to dismiss for failure to state a claim upon which relief can be granted.

With respect to Count I (Breach of Contract), at this stage in the proceedings, Pass Charters need only plead, in addition to the other requisite elements of a breach of contract claim, that it has sustained injuries or damages; the amount of damages to be recovered is based upon the proof, not the pleadings.

With respect to Counts III (Unjust Enrichment) and IV (Promissory Estoppel), Pass Charters is permitted to plead these Counts in the alternative to its express contract claims given the infancy of this case and the lack of a clear, express admission by Defendant to the validity of a contract governing the same subject matter.

Accordingly, Defendant's Motion should be denied.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff Pass Charters, a Michigan-based air travel management company focused in servicing U.S. collegiate athletic teams with brokered-dedicated charter air travel, initiated the instant action following two successive, disastrous years of failed performance by Defendant Via Airlines, Inc., f/k/a Charter Air Transport, Inc., the owner/operator of certain airplanes Pass Charters used for brokering flights. See Complaint, ¶¶ 7-54 and **Exhibit A, Amended Complaint**, ¶¶ 7-53.

In its Complaint, and newly filed Amended Complaint, Plaintiff seeks to redress the significant economic damages it sustained as a result of numerous failings on the part of the Defendant. As initially pled, Plaintiff asserted four affirmative counts against Defendants[1]: Counts I and II (Breach of Contract),

---

[1] At the time of filing of the Complaint, and despite its due diligence, Pass Charters was unable to reconcile the myriad of corporate filings spanning Colorado, Florida, Michigan, and Delaware, corporate record registries, as well as the F.A.A. Airline Certificate Information (see faa.gov), so as to definitively ascertain whether the two Defendants- Via Airlines, Inc., f/k/a Charter Air Transport, a Colorado corporation and Via Airlines, Inc., a Delaware corporation were in fact one, consolidated company.

By way of example, Via Airlines, Inc. (the Delaware corporation) does not appear to be registered to do business in the State of Florida (the location of their principal place of business), only the Colorado Via Airlines, Inc. See **Exhibit B, Florida Division of Corporations Foreign Profit Corporation Report for Via Airlines, Inc. dated March 21, 2017**. Additionally, the Delaware Department of State, Division of Corporations identifies two separate corporations registered with the Delaware Department of State, each under the Via Airlines, Inc. moniker. See **Exhibit C, Delaware Department of State, Division of Corporations Reports for Via Airlines, Inc. dated March 21, 2017**.

In their Motion, Defendants admit that it is a single entity known as Via Airlines, Inc., f/k/a Charter Air Transport, incorporated in Delaware. Accordingly, and to the extent that Counts I and II of Pass Charters' Complaint were separated by virtue of the then-understood

Count III (Unjust Enrichment), and Count IV (Promissory Estoppel).  Under the Amended Complaint, Counts I and II have been consolidated into a single breach of contract claim, while the two quasi-contract theories have been renamed as Counts II and III respectively.

In lieu of answering Plaintiff's Complaint, Defendant immediately moved for dismissal of all but one count of the Complaint.  See Dckt. # 6.  In so moving, Defendant clarified its recent modifications to its corporate structure, confirming that it has consolidated/converted its original Colorado corporation (Via Airlines, Inc., f/k/a Charter Air Transport, Inc.) into a new Delaware corporation operating under the same name (i.e. Via Airlines, Inc., f/k/a Charter Air Transport, Inc.).  See Dckt. #6, at 1.

As a result of this admission, Plaintiff amended its Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B). Exhibit A, *supra*.  Plaintiff submits that the Amendment, at the very least, renders Defendant's Motion entirely moot. Notwithstanding the same, Defendant has refused to withdraw its Motion, forcing Plaintiff to respond to arguments relating to a now-superseded prior iteration of the Complaint.

---

corporate distinction, Pass Charter submits that consolidation of its Counts I and II into a single breach of contract claim obviates any purported defect in its pleadings, rendering that portion of Defendants' Motion moot.

To be sure, under either iteration of its complaint, Plaintiff is not seeking double recovery for its damages; Pass Charters' quasi-contract theories of liability are expressly asserted *in the alternative* to its breach of contract claim(s) and are brought in the event the Defendant disputes the existence of a valid contract governing the same subject matter or the contract in issue is otherwise found to be unenforceable.

As expressed in its Complaint and Amended Complaint, it is Pass Charters' position that a valid, express contractual agreement was entered into by the respective parties, under which Plaintiff is currently entitled to recover its damages from Defendant.  <u>For purposes of the pending Motion, however, the existence and enforcement of a valid contract have not been stipulated to by Defendant, nor established by this Court</u>.  Furthermore, no Rule 26 disclosures, let alone an opportunity for discovery, have been provided to Plaintiff.  Despite the lack of resolution of those issues and the overall infancy of this legal proceeding, Defendant has filed its instant Motion alleging, in applicable part, that Plaintiff cannot maintain its counts for common law quasi-contract relief while also alleging damages under the Lease Agreement and Amendment.

As addressed in greater detail below, Defendant's Motion is premature and should be denied.

4

### III. ARGUMENT IN OPPOSITION

A. **Legal Standard of Review.**

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6), alleging the Plaintiff has failed "to state a claim upon which relief can be granted" with respect to Count I (Breach of Contract), Count III (Unjust Enrichment), and Count IV (Promissory Estoppel). In reviewing such a motion, the Court must treat all well-pleaded allegations in the complaint as true. *Kostrezwa v. City of Troy*, 247 F. 3d 633, 638 (6th Cir. 2001); see also *DirectTV Inc v. Treesch*, 487 F.3d 471, 476 (6th Cir. 2007) (Offering that a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."). The factual allegations need only be "enough to raise a right of relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555; 127 S. Ct. 1955 (2007).

Dismissal is proper only if, based upon the pleadings, the plaintiff does not have a "reasonably founded hope" of making his or her case. *Twombly*, 550 U.S. at 555; see also *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S. Ct. 1937 (2009).

## B. Defendant's Motion as to Count I (Breach of Contract) Fails as a Result of Plaintiff's Amended Complaint.

Defendant first argues that Count I (Breach of Contract) of Plaintiff's Complaint should be dismissed because, in Defendant's view, Plaintiff has failed to sufficiently pled a claim for breach of contract where the Amendment to the Lease purportedly waives damages arising under the Lease Agreement. See Dckt. #6, at 3, 5. Defendant's argument, however, fails on several grounds.

First, Defendant's Motion as to Count I is moot. Plaintiff amended its Complaint after Defendant's Motion was filed. Defendant's Motion, therefore, is directed at a non-existent superseded pleading. See *Moratorium Now! v. Detroit 300 Conservancy*, 2015 U.S. Dist. Lexis 17899732, *4 (M.I. E.D. July 22, 2015) (citing *Glass v. Kellogg Co.*, 252 F.R.D. 367 (W.D. M.I. 2008) ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot.") (a copy of the opinion has been appended hereto as **Exhibit D**). In an effort to avoid the unnecessary filing of Defendant's Motion, counsel for Plaintiff notified Defendant's counsel of its intent to cure any purported deficiency by amending its Complaint; Defendant remained unmoved and filed its Motion later that same day. **Exhibit E.**

6

Substantively, Plaintiff's amended breach of contract count validly states a claim up on which relief can be granted. See *Keiper, LLC v. Intier Auto, Inc.*, 467 Fed. Appx. 452, 459 (6th Cir. 2012) (Recognizing that to plead breach of contract under Michigan law, a complaint must allege (1) the existence of a valid contract between the parties, (2) the terms of the contract require performance of certain actions, (3) a party breached the contract, and (4) the breached caused the other party's injury). Count I of the Amended Complaint clearly sets forth all requisite elements to assert a claim for breach of contract. See Exhibit A, *supra*, ¶¶ 54-57. Viewing the allegations as true and in the light most favorable to Plaintiff, Defendant cannot its burden under Fed. R. Civ. P. 12(b)(6). See also *Twombly, supra* at 555.

Defendant is wrong in arguing that the mere existence of a clause purportedly limiting the ability to obtain damages arising prior to the execution of the Amendment to the Lease would negate or otherwise entirely preclude Plaintiff's ability to proceed forward on a breach of contract theory in general. Without admitting to the validity or effect of the waiver clause, Plaintiff submits that the clause could otherwise operate only to limit the amount of Plaintiff's damages, not preclude it from bringing a cause of action whatsoever. Again, save for a few provisions modified by the Amendment to the Lease, the vast majority of the Lease Agreement continued to operate in full force and effect following its

amendment. By way of example, Defendant continued to possess the Security Deposits previously made by Plaintiff under the Lease Agreement notwithstanding the parties' execution of the Amendment to the Lease. Despite being titled a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), Defendant's instant Motion, which in essence seeks a no-cause judgment on a significant portion of Plaintiff's breach of contract claim(s) based upon its argument that Plaintiff has not established any damages, in many respects is a veiled motion for summary judgment. As such, Defendant's Motion is premature. "**The amount of damages to be recovered is based upon the proof, not the pleadings**." *Moratorium Now!, supra* at *5 (*quoting Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Group, LLC.*, 635 F. 3d 1106, 1108-1109 (8th Cir. 2011) (*emphasis added*). Tellingly, Plaintiff fails to provide a single source of legal authority which would support its proposition that a complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) when the allegations in the complaint do not support the amount of damages demanded. As articulated by the Michigan Supreme Court, "trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v. Nadell*, 481 Mich. 377, 388; 751 N.W. 2d. 431, 437 (2008); see also *Wilson v. Taylor*, 457 Mich. 232, 243; 577 N.W. 2d. 100, 105 (1998) ("A mere statement without authority is insufficient to bring an issue before this Court."). For these reasons,

Defendant's request to dismiss Count I of Plaintiff's Complaint must be denied.

**C. Defendant's Motion to Dismiss as to Counts III (Unjust Enrichment) and IV (Promissory Estoppel) Must Fail as Plaintiff is Entitled to Plead "In the Alternative."**

Defendant's Motion to Dismiss as to Counts III and IV likewise should fail. As with Count I, the amendment to the Complaint renders Defendant's overall Motion moot. *Moratorium Now!, supra* at * 4 ("Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot.") (internal citations omitted).

Mootness aside, Defendant's Motion misconstrues the Federal Rules and pertinent legal authority, further justifying its denial. Defendant does not challenge the sufficiency of the elements pled in Counts III and IV, rather it asserts that Plaintiff's quasi-contract claims fail under Fed. R. Civ. P. 12(b)(6) given the existence of Plaintiff's express breach of contract claim. See Dckt. #6, at 6-9.

Under the Federal Rules, a pleading must contain "a demand for the relief sought, <u>which may include relief in the alternative</u> or different types of relief." Fed. R. Civ. P. 8(a)(3). This Court recognized a Plaintiff's right to plead "in the alternative" in *Cain v. Redbox Automated Retail, LLC,* 981 F. Supp. 2d. 674 (E.D. M.I. 2013). While recognizing that a party cannot recover under the theory of unjust enrichment when an express contract exists, the Court noted that the quasi-

9

contract claim was pleaded "in the alternative. Plaintiffs have, in so many words 'kept [their] options open [for the possibility that Defendant] . . . may deny the existence of a contract.'" *Cain, supra* at 688. Plaintiff's right to plead both alternative theories of liability under a breach of contract and quasi-contract theories is not negated by the mere appending and/or incorporation by reference of an express contract by Plaintiff. As reaffirmed by this Court as recent as May 1st, "a pleading does not become insufficient by reason of a party having made alternative, or even contradictory claims." *U.S. Specialty Insurance Co v. Caasti Professional Contracting Service, Inc.*, 2017 U.S. Dist. Lexis 65494, *6 (E.D. M.I. May 1, 2017) (a copy of this opinion has been appended hereto as **Exhibit F**).

Under facts quite similar to the present, the Court in *U.S. Specialty Insurance Co* was faced with determining whether, pursuant to Fed. R. Civ. P. 12(b)(6), the defendant was entitled to dismissal of the plaintiff's quasi-contract claims where the plaintiff has also asserted an express breach of contract (indemnity agreement) count it its complaint. In denying the defendant's motion, Judge Cohen opined:

> Here, USSIC has kept its options open in the event that defendants deny the existence of a contract. This is permissible . . . USSIC does not deny that the presence of an express contract would defeat its alternative theories. **However it says that at this stage in the litigation—where the validity of the Indemnity Agreement has not been established—it would be premature to dismiss its quasi-contract claims. The Court agrees**. As one court put it: because this matter is still "[a]t the pleading stage, the Court believes it

10

> **premature to dismiss . . .[Plaintiffs'] alternative count[s] based on quasi contract before the parties have had the benefit of discovery and their positions have gelled**."

*U.S. Specialty Insurance Co, supra* at *4-5 (internal citations omitted) (*emphasis added*);  See also *Wake Plumbing & Piping, Inc. v. McShane Mech. Contracting, Inc.*, 2012 U.S. Dist. Lexis 178569, *3 (E.D. M.I Dec. 18, 2012) ("At this stage, Plaintiff's claim for breach of contract in count one will not be construed as an admission against another alternative or inconsistent pleading in the same case. Although Plaintiff will not be able to recover damages on both its contract and promissory estoppel theories, Plaintiff may allege a promissory estoppel claim in the alternative to a breach of contract claim under Rule 8(d).") (a copy of the opinion has been appended hereto as **Exhibit G**).  Of particular note, the Judge Roberts in *Wake Plumbing and Piping, Inc.*, rejected the defendant's reliance on the Court's decision in *Advanced Plastics Corp v White Consol Indus., Inc.*, 828 F. Supp. 484 (E.D. M.I. 1993), the very same case Defendant currently relies upon in support of its argument to dismiss Counts III and IV.  In doing so, Judge Roberts cited to a several more-recent opinions permitting the existence of alternative or inconsistent pleadings involving cases in which both contract and quasi-contractual theories have been alleged.  *Wake Plumbing and Piping, Inc.*, *supra* at *6-7.  Whether described as a current-trend or movement of the Court, ample case law

11

exists supporting Plaintiff's ability to maintain alternative counts for both contract and quasi-contract theories of liability at this stage in the litigation.

At best, Defendant's Motion is premature. At play are two maxims. The first, as Defendant argues, is that a party may not recover under both an express contract and quasi-contract theories. The second, as noted above, is that a plaintiff is entitled to plead "in the alternative." <u>These theories are reconciled, quite simply, by allowing the quasi-contract claims to remain until a valid, enforceable and binding contract is either (1) found by the Court or (2) admitted by the Defendant</u>. As noted by the Court in *Cain*, a dismissal of a quasi-contract claim is appropriate "if the defendant admits to the existence of a valid contract." *Cain, surpa* at 688. This Court also addressed that issue in *Detroit Tigers, Inc. v. Ignite Sports Media, LLC,* 203 F. Supp. 2d 789 (E.D. M.I. 2002). In that case, the Court stated: "It is true that once the existence of an express contract is established, either by the parties' admissions or by judicial finding, quasi-contractual remedies are unavailable." *Detroit Tigers, Inc., supra* at 798. At this stage in the proceedings, and because the Defendant has not yet filed an Answer, it is not known whether the Defendant is challenging the validity and enforceability of the Lease Agreement and Amendment to the Lease Agreement. Critically, Plaintiff has not received a clear, unequivocal admission to the validity of the contract by the Defendant, nor has a judicial determination as to the validity and binding nature of both the Lease

Agreement and Amendment to the Lease Agreement occurred.  Accordingly, Defendant's Motion seeking to dismiss Counts III and IV is premature and therefore should be denied.

    WHEREFORE, Plaintiff Powwow, LLC d/b/a Pass Charters respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss, award its costs and attorney fees associated with having to respond to Defendant's motion, and grant such other and further relief as the Court deems just and proper under the circumstances.

    Respectfully submitted,

CLARK HILL PLC

/s/ Jonathan M. Martone
CLARK HILL PLC
Attorneys for Plaintiff
Jonathan M. Martone (P73035)
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI  48009
(248) 642-9692
jmartone@clarkhill.com
Thomas M. Dixon (P41870)
500 Woodward Ave., Ste. 3500
Detroit, MI  48226
(313) 965-8300
tdixon@clarkhill.com

Dated:  May 24, 2017

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2017, Carol L. Ayres electronically filed the foregoing paper with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

Respectfully submitted,

CLARK HILL PLC

/s/ Jonathan M. Martone
CLARK HILL PLC
Attorneys for Plaintiff
Jonathan M. Martone (P73035)
151 S. Old Woodward Ave., Ste. 200
Birmingham, MI  48009
(248) 642-9692
jmartone@clarkhill.com
Thomas M. Dixon (P41870)
500 Woodward Ave., Ste. 3500
Detroit, MI  48226
(313) 965-8300
tdixon@clarkhill.com

Dated:  May 24, 2017